IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GURPAL SINGH,

Petitioner,

vs.

CAROLYN SOMMER in her capacity
as, Acting Warden of McCook
Detention Center, et al.

Respondents.

8:26-CV-140

MEMORANDUM AND ORDER

The petitioner has filed petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. The petition will be denied.

The relief for the only claim clearly asserted in the petition is a bond hearing pursuant to 8 U.S.C. § 1226(a). *See* filing 1 at 3-4. But the plaintiff was already afforded a bond hearing pursuant to § 1226, and was detained because he was found to be a flight risk.[1] *See* filing 1 at 1; filing 7-3. Nothing in the petition suggests that the petitioner didn't receive all of the process to which he was due. *See* filing 1; *see also Lopez Garcia v. Bondi*, No. 0:26-CV-1513 (D. Minn. Mar. 2, 2026).

To the extent that the petitioner alleges his detention is premised on misstatements of fact regarding his immigration status—specifically, that

---

[1] The government concedes that even pursuant to *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), the petitioner in this case was *not* an applicant for admission because he had already been lawfully admitted on a tourist visa, which he overstayed, meaning that he was detained pursuant to § 1226(a). Filing 8 at 6.

"[n]o new pending applications or petitions were found in immigration databases," *see* filing 1 at 2—the record establishes that the immigration judge had evidence of the petitioner's affirmative asylum application, *see* filing 7-3. But the petitioner's pending asylum application doesn't provide a right to release on bond. *See Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018).

The petitioner has already received the bond hearing which is the only relief available to him on the record before the Court. Accordingly,

IT IS ORDERED

1.    The government's motion to dismiss (filing 5) is granted.

2.    The petition for writ of habeas corpus is denied.

3.    A separate judgment will be entered.

Dated this 15th day of April, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge